■ ORIX VENTURE FINANCE LLC, Respondent, v EAGLE LTD. et al., Appellants. [992 NYS2d 403]—

Order and judgment (one paper), Supreme Court, New York County (Anil C. Singh, J.), entered April 18, 2013, granting plaintiff's motion for summary judgment, and awarding plaintiff $3 million in general damages on its first and second causes of action as against defendants, prejudgment interest totaling $303,287.67 from March 4, 2012 through the judgment entry date, postjudgment interest at 9% until satisfaction of the judgment, and attorney's fees in an amount to be determined by a special referee following a hearing, unanimously affirmed, with costs. Appeal from underlying order, same court and Justice, entered November 26, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.

Defendants' interpretation of the language in the parties' loan purchase agreement—that the acceleration term therein

only applied to purchase loan installments that had already become due and remained unpaid—disregards general contract principles that the contracting parties' intent be gleaned from their written agreement as a whole, with an understanding that the interpretation is to give effect to the writing's general purpose, and that the plain meaning of terms utilized is to apply, unless they are otherwise defined (*see generally Williams Press v State of New York*, 37 NY2d 434, 440 [1975]; *Triax Capital Advisors, LLC v Rutter*, 83 AD3d 490 [1st Dept 2011], *appeal dismissed* 17 NY3d 804 [2011]; *Banco Espírito Santo, S.A. v Concessionária Do Rodoanel Oeste S.A.*, 100 AD3d 100 [1st Dept 2012]). Application of these principles supports the motion court's finding, as a matter of law, that the contested acceleration language authorized plaintiff lender to resort to any remedy at law or in equity, including acceleration of defendants' full obligations under the agreement. The corporate defendant did not dispute its failure to cure its default on an obligation to tender a minimum one million dollar payment owing to plaintiff by a date specified in the agreement, and the acceleration provision obligated the corporate defendant to make full payment of all obligations due under the agreement. Defendants' interpretation of the acceleration language is rejected, as it fails to give meaning to all the terms in the remedies provision, and it effectively renders part of the contract meaningless (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]).

Defendants' argument that summary judgment was improperly awarded to plaintiff because plaintiff failed to establish prima facie that the defendants caused the plaintiff injury, and failed to establish the amount of damages, was refuted by the record, which includes contract documents that clearly define the parties' respective obligations and the amounts due thereunder (*see generally General Acceptance Corp. v Masmo, Inc.*, 33 AD2d 57 [1st Dept 1969]). The plain terms of the contract documents refute defendants' defenses (*see id.*), and establish the individual defendant's obligation as an unconditional guarantor of the corporate defendant's performance under the agreement.

We have considered defendants' remaining arguments and find them unavailing. Concur—Friedman, J.P., Acosta, Saxe, Gische and Kapnick, JJ.